IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARLA GALLEGOS, Individually and On Behalf of All Similarly Situated Persons,<br>　　　Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:18-cv-3569 |
| ALKIRE SUBWAY, L.P.<br>　　　Defendant. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Karla Gallegos and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendant, its subsidiaries and affiliated companies.

**Parties**

1.　Plaintiff Karla Gallegos ("Gallegos"), a former employee of Defendant, was personally engaged in interstate commerce during her employment with the Defendant, and is represented by the undersigned.

2.　Defendant Alkire Subway, L.P. ("Subway") is a Texas limited partnership and an "employer" as defined by the FLSA. With respect to Plaintiff, Subway is subject to the provisions of the FLSA. Subway was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Subway may be served through its registered

agent, Govind Agrawal at 1415 Highway 6, Bldg. B-200, Sugar Land, TX 77478, or wherever he may be found.

## Jurisdiction and Venue

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Factual Allegations

4. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, and conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

5. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

6. At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business.

7. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

8. During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

9. Plaintiff Karla Gallegos worked for Defendant as a manager from 2014 until August 15, 2018. Gallegos's duties included, but were not limited to, tending to customers and taking their orders, working the register, baking bread, cutting vegetables, making sandwiches, sweeping and mopping the store, taking out trash, taking inventory, closing the store and managing the employees.

10. Plaintiff did not have the authority to hire or fire employees. Plaintiff did not have any actual input into personnel matters and decision making. Plaintiff did not set salaries, discipline, or promote employees.

11. During her tenure with the Defendant, Plaintiff regularly worked in excess of 40 hours per week.

12. Plaintiff was paid on a salary basis and was not paid an overtime premium for hours worked over 40 hours per workweek.

13. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work.

14. Defendant is liable to Plaintiff and the Members of the Class, as defined below, for the damages sought herein.

## Plaintiff's Individual Allegations

15. Plaintiff was entitled to be paid her regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek.

16. Defendant failed to pay the Plaintiff the required overtime premium in the workweeks that the Plaintiff worked for Defendant. The Plaintiff worked in excess of 40 hours in most weeks.

17. No exemption excuses the Defendant from paying Plaintiff for all time spent and work performed during the hours she worked, and the Defendant has not made a good faith effort

to comply with the FLSA.

18. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

19. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

## Collective Action Allegations

20. The Defendant's pay practices and policies are in willful violation of the FLSA and have victimized other, similarly situated employees. A number of these employees have worked with Plaintiff. Upon information and belief, the Defendant has imposed illegal practices or policies on Members of the Class. Upon information and belief, Defendant makes a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays all other similarly situated employees on the same basis as the Plaintiff.

21. The Potential Members of the Class performed the same type of work that the Plaintiff performed. Accordingly, the Potential Members of the Class victimized by the Defendant's unlawful practices are similarly situated to Plaintiff in terms of their job duties.

22. Further, Defendant paid each member of the class according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay policies and procedures.

23. The Defendant's failure to pay its employees who are similarly situated to the Plaintiff as required by the FLSA is the result of a generally applicable policy that is independent

of the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA.

24. No justification or exemption excused the Defendant from paying the Members of the Class for all work performed and time spent working, and the Defendant did not make a good faith effort to comply with the FLSA. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

25. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed as store managers and paid on a salary basis by Defendant Alkire Subway, L.P. during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

26. Defendant violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendant.

27. Plaintiff and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

28. Defendant is liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

29. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Alkire Subway, L.P. as managers and paid on a salary basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. For such further relief as the Court deems just and equitable.

    Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF KARLA GALLEGOS**

**OF COUNSEL:**
Thomas H. Padgett, Jr.

TBA No. 15405420
S.D.Tex. No.:  11554
tpadgett@buenkerlaw.com
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEYS FOR PLAINTIFF
KARLA GALLEGOS**